UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
GERARD PAUL ROTTIERS and
AMY VICTORIA ROTTIERS,
      Debtors.                              No. 13-10-12000 SL

**MEMORANDUM OPINION ON ROMBAUER VINEYARDS, INC.'S
MOTION FOR SUMMARY JUDGMENT (doc 66) ON
<u>MOTION TO DISMISS (doc 26)</u>**

This matter is before the Court on Rombauer Vineyards, Inc.'s ("Rombauer") Motion for Summary Judgment (doc 66) on the Motion to Dismiss (doc 26) filed by creditor Associated Winery Systems, Inc. ("ASW") to which Rombauer filed a Joinder (doc 52). Debtors filed a Response to the Motion to Dismiss (doc 35). ASW filed a Joinder in Rombauer's Motion for Summary Judgment (doc 67). ASW also filed a Supplemental Joinder in the Motion for Summary Judgment (doc 69). Debtors filed a Response to Rombauer's Motion for Summary Judgment (doc 74). Debtors also filed a Response to ASW's Joinder in the Motion for Summary Judgment and Supplemental Joinder in the Motion for Summary Judgment (doc 75). Rombauer filed a Reply to Debtor's Response to the Motion for Summary Judgment (doc 79).

Debtors appear through their attorney Don Provencio. Rombauer appears through its attorneys Thuma & Walker, A Professional Corporation (David T. Thuma and Stephanie L. Schaeffer). ASW appears through its attorney Modrall Sperling Roehl Harris & Sisk, P.A. (Paul M. Fish). This is a core proceeding concerning the administration of the estate. 28

U.S.C. § 157(b)(2)(A).  For the reasons set forth below, the Court finds that the Motion for Summary Judgment and Joinder should be denied because Debtors are eligible for Chapter 13 relief.

**THE MOTION TO DISMISS**

ASW's Motion to Dismiss (doc 26) is based on three grounds.  First, it alleges that Debtor's noncontingent, liquidated, unsecured debts exceed the statutory maximum permitted by 11 U.S.C. § 109(e).  Second, it alleges that the plan is filed in bad faith and that the proposed distribution under the plan is so nominal as to be in bad faith.  Third, it alleges that this case is an "abusive filing" because it was a refiling after an earlier Chapter 13 case was voluntarily dismissed by the Debtors, and both filings were filed to stop litigation pending in a California state court.

Rombauer's Joinder in ASW's Motion to Dismiss asks the Court to grant ASW's motion, and additionally alleges that the Debtors also owe Rombauer about $1.6 million as an unsecured claim, further demonstrating their ineligibility to be Chapter 13 debtors.  Doc 52.

Debtors, in response to the Motion to Dismiss, deny their ineligibility, deny the bad faith allegations, admit their involvement in the California state case, admit they have filed two Chapter 13 cases, and deny that this filing is abusive.  Doc

35. In response to Rombauer's Joinder in the Motion to Dismiss, Debtors filed an Objection to Allowance of Rombauer's Proof of Claim (doc 47)[1].

**Summary Judgment**

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056(c). In determining the facts for summary judgment purposes, the Court may rely on affidavits made with personal knowledge that set forth specific facts otherwise admissible in evidence and sworn or certified copies of papers attached to the affidavits. Fed.R.Civ.P. 56(e). When a motion for summary judgment is made and supported by affidavits or other evidence, an adverse party may not rest upon mere allegations or denials. Id. Rather, "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. The

---

[1]That contested matter is simultaneously proceeding along through its own summary judgment motion.

court does not try the case on competing affidavits or depositions; the court's function is only to determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In ruling on a motion for summary judgment, the trial court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. Mountain Highlands, LLC v. Hendricks, 616 F.3d 1167, 1169-70 (10th Cir. 2010)(citing Garrison v. Gambro, Inc., 428 F.3d 933, 935 (10th Cir. 2005)). On those issues for which it bears the burden of proof at trial, the nonmovant "must go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to [its] case in order to survive summary judgment." Id. at 1170 (quoting Cardoso v. Calbone, 490 F.3d 1194, 1197 (10th Cir. 2007)) (internal quotation marks omitted). "[F]ailure of proof of an essential element renders all other facts immaterial." Id. (quoting Koch v. Koch Indus., Inc., 203 F.3d 1202, 1212 (10th Cir.), cert. denied, 531 U.S. 926 (2000)).

New Mexico LBR 7056-1 governs summary judgment motions. It provides, in part:

> The memorandum in support of the motion shall set out as its opening a concise statement of all of the material facts as to which movant contends no genuine issue exists. The facts shall be numbered and shall refer with particularity to those portions of the record upon which movant relies.

A memorandum in opposition to the motion shall contain a concise statement of the material facts as to which the party contends a genuine issue does exist. Each fact in dispute shall be numbered, shall refer with particularity to those portions of the record upon which the opposing party relies, and shall state the number of the movant's fact that is disputed. All material facts set forth in movant's statement that are properly supported shall be deemed admitted unless specifically controverted.

**DISMISSAL**

While the Motion to Dismiss cites three grounds, the Motion for Summary Judgment and Joinder focus only on Debtors' eligibility to be Chapter 13 debtors. Because the Court finds the Debtors eligible, the remaining issues regarding bad faith and abusive filing will be dealt with later, either at confirmation or earlier at a hearing if requested by the creditors.

Bankruptcy Code section 109 deals with eligibility requirements for debtors. Section 109(e) deals specifically with eligibility to be a Chapter 13 debtor:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400, or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C. § 109(e) (amounts adjusted effective April 1, 2010). The sole issue in this Motion for Summary Judgment is whether Debtors owed, on April 22, 2010, noncontingent, liquidated, unsecured debts that aggregate less than $360,475.

**FACTS**

Rombauer proposes 8 Undisputed Material Facts. Doc 66, p.2. ("Facts R1-R8"). Debtors contested only Fact 3. The others are deemed admitted under NM LBR 7056-1. And, Debtors' objection to Fact R3 is not really a statement that the Fact is disputed or a citation to a contrary fact in the record; rather, it asks the Court to read the language of a document carefully to determine the true parties. Therefore, Fact 3 is deemed admitted also. So, the Court adopts the following as undisputed:

R1. The debtors filed for bankruptcy relief under Chapter 13 on April 22, 2010.

R2. Rombauer filed a proof of claim on July 16, 2010, for $1,598,656.20 (the "Rombauer Claim").

R3. Mr. Rottiers gave Rombauer a detailed proposal on June 20, 2007.

R4. The proposal was made by "Gerard Rottiers Consulting."

R5. A copy of the proposal is attached to the Rombauer Claim.

R6. The proposal was signed by Gerard Rottiers individually.

R7. The down payment made by Rombauer, in the amount of $464,340, was by a check dated June 21, 2007, payable to Gerard Rottiers Consulting.

R8. Mr. Rottiers deposited the check into his personal checking account.

In Debtors' Response (doc 74, pp.3-7) they submit their version of 32 additional Undisputed Material Facts, ("Facts D1-D32") to which Rombauer responded (doc 79). Rombauer's responses (if any) will be dealt with in footnotes to those facts. The Court finds the following additional facts are not disputed:

D1. A creditor's meeting was scheduled, held and concluded in this case on May 27, 2010.

D2. Debtors listed Rombauer Vineyards, Inc. as a creditor in Schedule F of their Petition and designated such claim as a "contingent" business debt.

D3.[2] [Debtors] listed Rombauer Vineyards, Inc. as a creditor in Schedule F of their bankruptcy petition as a "contingent" business debt for informational and precautionary purposes only, due to a demand letter from attorneys for Rombauer Vineyards, Inc. dated June 24, 2009 (see attachment to Proof of Claim #9 filed by Rombauer Vineyards, Inc.). This letter

---

[2] Rombauer objected to "Debtors do not believe they have any personal liability to Rombauer Vineyards, Inc." as not being a "fact". The Court agrees. It is a "belief" which is not properly in a summary judgment affidavit. It is also a legal conclusion which they are not qualified to make.

Page -7-

suggested that Gerard Rottiers, as agent of Gerard Consulting, Inc., obtained $25,115.20 from Rombauer Vineyards, Inc. for the purchase of spare parts through misrepresentation.

    Rombauer admits that it generally agrees with this Fact (as restated by the Court), but disagrees as to amounts owed and supports the disagreement with the affidavit of John Cochennette.

D4. On June 4, 2010, Associated Winery Systems, Inc. filed a Motion To Dismiss.

D5. On June 24, 2010, Debtors filed a Response to the Motion To Dismiss filed by Associated Winery Systems, Inc.

D6. Proof Of Claim #9 was filed in this case on behalf of Rombauer Vineyards, Inc. by its President, Koerner Rombauer on July 16, 2010 as an unsecured claim in the amount of $1,598,656.20.

D7. On July 16, 2010, Koerner Rombauer had knowledge of these bankruptcy proceedings.

D8. On July 27, 2010, Debtors filed an Objection To Allowance Of Claim #9 Filed By Rombauer Vineyards, Inc.

D9. On August 3, 2010, David Thuma, Esq. and Samuel Roybal, Esq. filed an entry of appearance on behalf of the creditor, Rombauer Vineyards, Inc.

D10. On August 6, 2010, Rombauer Vineyards, Inc. filed its Joinder In Associated Winery Systems, Inc.'s Motion To Dismiss.

D11. On August 11, 2010, Debtors filed their Response to Rombauer Vineyards, Inc.'s Joinder In Associated Winery Systems, Inc.'s Motion To Dismiss.

D12. On August 25, 2010, David Thuma, Esq. filed Rombauer Vineyards, Inc.'s Response to The Debtors' Claim Objection on behalf of his client which states at paragraph 2 that the basis of its claim is a contract between Rombauer Vineyards, Inc. and Gerard Rottiers and that a copy of the contract is attached to the Rombauer Proof of Claim and is self-explanatory.

D13. The contract referred to in Rombauer Vineyards, Inc.'s Response To The Debtors' Claim Objection (Court Docket entry #61) is the "PROPOSAL" referred to by Debtors herein.

D14. The deadline to file a Proof Of Claim in this case was August 25, 2010.

D15.[3]

---

[3]Rombauer argues that Debtors' Proposed Facts 15, 16, 18, 19, 20, 21, 23, 24, 25 and 26 all assert that the "PROPOSAL" attached to Rombauer's Proof of Claim was signed by an entity "Rombauer Vineyards" without a corporate designation, so Rombauer Vineyards, Inc. lacks standing and is a different entity that has not filed a proof of claim. Rombauer again cites to the Cochenette affidavit. The Court agrees that these facts are disputed. Furthermore, 1) they are generally legal conclusions
(continued...)

Case 10-12000-j13    Doc 84    Filed 04/12/11    Entered 04/12/11 15:50:31 Page 9 of 20

D16. See footnote 3.

D17.[4] The "PROPOSAL" was prepared by Gerard Rottiers on June 20, 2007.

D18. See footnote 3.

D19. See footnote 3.

D20. See footnote 3.

D21. See footnote 3.

D22.[5] Rombauer Vineyards, Inc. believes the "PROPOSAL" is a binding contract between the parties to the "PROPOSAL."

D23. See footnote 3.

D24. See footnote 3.

D25. See footnote 3.

D26. See footnote 3.

D27.[6] The "PROPOSAL" which is included in the Rombauer Vineyards, Inc. Proof Of Claim specifically states at page 7 that "[a]ll mechanical defective parts are warranted for a

---

[3](...continued)
and 2) the Proof of Claim speaks for itself.

[4]Rombauer disputes "and was accepted on July 10, 2007 by an entity labeled as "Rombauer Vineyards." Rombauer is correct that the document speaks for itself. The real parties to the contract will end up being a legal decision.

[5]Rombauer admits this fact, as long as it means that the contract was between itself and Mr. Rottier. Otherwise, it disputes the fact. The Court, however, finds that if there is a binding contract, which is really not disputed, it binds the parties whoever they are.

[6]Rombauer objects stating that this document speaks for itself. It does, and this is what it says.

year after installation and there is a 90-day period for all electrical components. This warranty doesn't cover mishandling of the machinery or breakage due to faulty supplies as well as poor maintenance of the equipment."

D28.[7] All equipment purchased through the "PROPOSAL" was delivered and installed as set out in the "PROPOSAL."

D29. Installation of the equipment which is set out in the "PROPOSAL" was completed on or before May 1, 2008.

D30. No claim was made by any entity within the warranty period set out in the "PROPOSAL."

D31.[8]

D32. On October 11, 2010, Debtors filed a Motion for Summary Judgment on Debtors' Objection to Allowance of Claim #9 Filed by Rombauer Vineyards, Inc.

**OTHER FACTS**

---

[7]Rombauer disputes Facts D28, D29, D30 and D31 "all of which relate to debtor's theory that Rombauer's claim is in the nature of a warranty claim" and cites Cochennette Affidavit ¶ 11 as the source of the dispute. Rombauer Reply, doc 79, p.2. Paragraph 11 of the affidavit does not conflict with Facts D28, D29 or D30. Rather, it states that the equipment never worked, that Mr. Rottiers should have known that before selling it, and it attempts to calculate an estimate of its losses. It makes no reference to the delivery, installation, completion date, or the time a claim was first made. Therefore, the Court deems Facts D28, D29 and D30 to be undisputed. Paragraph 11 also does not conflict with Debtors proposed Fact D31.

[8]The Court rejects Fact 31. Fact 31 is simply Debtors' protestation that they owed nothing to Rombauer on their petition date. That is a legal determination for the Court.

Page -11-

Debtors have no priority debts on Schedule E. (Doc 11). Schedule F lists $77,101 of unsecured non-priority debts. Schedule F also lists AWS as contingent-in litigation, unliquidated and disputed in an unknown amount and Rombauer as a contingent liability-business debt in the amount of $25,115.20. Id.

Eleven proofs of claim are filed in this case. Numbers 1, 2, 5, 9 and 10 are filed as secured claims. The other claims are unsecured non-priority claims:

| Claim | Creditor | Amount |
|---|---|---:|
| 3 | PRA Receivables Management | $3,908.57 |
| 4 | Chase Bank USA, N.A. | $10,798.37 |
| 6 | American Express Bank | $193.49 |
| 7 | CR Evergreen, LLC | $30,052.99 |
|  | **subtotal** | **$44,953.42** |
| 8 | AWS | $1,052,878.76 |
| 9 | Rombauer | $1,598,656.20 |
|  | **total** | **$2,696,488.38** |

The total of all claims other than AWS and Rombauer is $44,953.42. If either of AWS or Rombauer's claim count toward the eligibility requirement, Debtors are ineligible.

The Court finds that both AWS's and Rombauer's claims are unliquidated and do not count toward eligibility.

> The term "liquidated" is not defined in the Bankruptcy Code. However, it is well-settled that whether a debt is "liquidated" turns on whether the amount is "readily determinable." ...

> The amount of debt is readily determinable only if the process of determining the claim is fixed, certain, or otherwise determined by a specific standard. See In re Barcal, 213 B.R. 1008, 1014 (8th Cir. BAP 1997). On the other hand, if the value of the claim depends on a "future exercise of discretion, not restricted by specific criteria, the claim is unliquidated." See Mazzeo v. United States (In re Mazzeo), 131 F.3d 295, 304 (2d Cir.1997) (internal quotation marks omitted).
> ...

Kanke v. Adams (In re Adams), 373 B.R. 116, 119-20 (10th Cir. BAP 2007). The BAP's concept of unliquidated is identical to that in other jurisdictions. See, e.g., In re Doyle, 340 B.R. 381, 384 (Bankr. D. Or. 2006):

> A debt is liquidated if "the amount of the debt is readily determinable." In re Slack, 187 F.3d 1070, 1073 (9th Cir. 1999). Ready determination depends on "whether the amount due is fixed or certain or otherwise ascertainable by reference to an agreement or by a computation." In re Nicholes, 184 B.R. 82, 89 (9th Cir. BAP 1995). "Whether a debt is subject to 'ready determination' depends on whether the amount is easily calculable or whether an extensive hearing is needed to determine the amount of the debt." In re Ho, 274 B.R. 867, 873 (9th Cir. BAP 2002).

See also In re Knight, 55 F.3d 231, 235 (7th Cir. 1995)("[T]he cases uniformly provide the method for determining whether a debt is liquidated: If the amount of a claim has been ascertained or can readily be calculated, it is liquidated.")(Citation and internal punctuation omitted.)

Debtors do dispute that they have any liability on either Rombauer's claim or AWS's claim. However, whether a claim is disputed is not relevant as to eligibility.

Page -13-

> While a minority of courts hold otherwise, the overwhelming body of precedent holds that a dispute regarding liability on a claim is insufficient to render a claim unliquidated. See id. at 304-05 (citing United States v. Verdunn, 89 F.3d 799, 802 n. 9 (11th Cir.1996)) ("Most courts have concluded ... that disputed debts are included in the calculation of the amount of debt [for Chapter 13] eligibility purposes.... [T]he vast majority of courts have held that the existence of a dispute over either the underlying liability or the amount of a debt does not automatically render the debt either contingent or unliquidated."). ...
> ...
> We believe that the majority approach is the better reasoned one. Otherwise, a debtor, simply by characterizing certain claims as disputed, could ensure his eligibility to proceed under Chapter 13 in circumstances that Congress intended to exclude from that chapter.

Adams, 373 B.R. at 120.

Adams further discusses the procedure the Court should apply in making the eligibility determination.

> In considering eligibility, it is appropriate for a court to "rely primarily upon a debtor's schedules and proofs of claim, checking only to see if these documents were filed in good faith." Barcal, 213 B.R. at 1015 (citing Comprehensive Accounting Corp. v. Pearson (In re Pearson), 773 F.2d 751, 756 (6th Cir.1985)). "In so doing, however, the court should neither place total reliance upon a debtor's characterization of a debt nor rely unquestionably on a creditor's proof of claim, for to do so would place eligibility in control of either the debtor or the creditor." Barcal, 213 B.R. at 1015 (citing In re Madison, 168 B.R. 986, 989 (D. Haw.1994)). Therefore, at a hearing on eligibility, the court should "canvass and review the debtor's schedules and proofs of claim, as well as other evidence offered by a debtor or the creditor to decide only whether the good faith, facial amount of the debtor's liquidated and non-contingent debts exceed statutory limits." Barcal, 213 B.R. at 1015.

Case 10-12000-j13   Doc 84   Filed 04/12/11   Entered 04/12/11 15:50:31 Page 14 of 20

Id.

Although not specifically stated in Adams, the above quotation suggests that the Court should not conduct a full blown trial that authenticates each and every debt listed on a debtor's schedules and the proofs of claim filed.  This is the summary approach suggested by other courts also.  See In re Odette, 347 B.R. 60, 62-63 (Bankr. E.D. Mich. 2006):

> [T]he nature of the threshold eligibility issue is such that it should not be one that is lengthy, involved, or so deeply evidentiary as to go to the point of having the Court substantially dispose of the question of whether or not the Debtors or either of them are ultimately and legally liable for each of the debts the existence or amount of which may have some bearing on the eligibility issue.

See also In re Arcella-Coffman, 318 B.R. 463, 476-77 (Bankr. N.D. Ind. 2004):

> The focus of a proceeding under 11 U.S.C. § 109(e) is not to liquidate claims, ... The purpose is to determine, relatively quickly and relatively inexpensively (in terms of both monetary expense for the parties and expenditure of time by the parties and by the Court), what of the debtor's debts are "liquidated" and "noncontingent", and of debts fulfilling those criteria, the dollar amount that are both secured and unsecured.  As the ultimate fact-finder, the Court has discretion as to the manner in which this exploratory process will take place and the weight to be given evidence pertinent to the eligibility issues.  This inquiry is not in the nature of a B.R. 7056 summary judgment proceeding: the raising of a genuine issue of material fact by a party does not preclude the Court's determination of the contested matter, based upon the record before it, without further evidentiary proceedings.  The Court deems it to be imperative that procedures be employed which avoid evidentiary hearings at which judging the credibility of witnesses is necessary to determine the nature and

amount of debts, especially in circumstances in which
statements in the debtor's schedules allow the Court to
circumstantially determine both the categorization and
amount of debts for the purpose of the § 109(e)
analysis.

**ROMBAUER'S CLAIM IS UNLIQUIDATED**

In Rombauer's Motion for Summary Judgment (doc 66) it argues that its claim against the Debtors is a contract claim that is subject to ready determination and can be easily ascertained or calculated. It contrasts its contract claim with a tort or quantum meruit claim, which it correctly argues are generally unliquidated. <u>Arcella-Coffman</u>, 318 B.R. at 473. Rombauer states that its claim consists of four categories: 1) $833,301 loss sustained; 2) $217,080 for the difference between price paid to the Debtors and the amount recouped when some of the equipment was sold, 3) $523,160 as a refund for returning the remaining equipment, and 4) $25,115.20 paid to the Debtors to purchase parts that it never received. The Court finds that the first three categories are not liquidated.

First, the Proposal, dated June 20, 2007, limits warranty coverage to one year and requires proper maintenance of the equipment. Doc 52-1, p.11. Rombauer's Proof of Claim includes a letter from its attorney that shows the issue of warranty coverage has been raised:

> My client completely disagrees with the
> accusations in Corfill's May 6th letter to my client
> that the repairs to the filler were needed because my
> client's personnel "ha[d] incorrectly carried out the

> vapor sanitizing process on the machine ..." ... We
> believe these claims of misuse are merely pretexts to
> attempt to divert us from the real issue, that the
> filler was not suitable for its intended use and
> violated all express and implied warranties.

A trier of fact will need to determine if this is a warranty case and apply warranty law.

Second, the date on that letter is June 24, 2009, well after the one year period set out in the proposal. A trier of fact would need to determine if the claims were timely.

Third, the Adams case teaches that lost business claims are not to be considered as liquidated. Adams, 373 B.R. at 122.

Fourth, a purchaser of equipment is not automatically entitled to recoup the difference between what it paid for an item and what it sold it for after several years of use. A trier of fact would at least need to determine the value derived from the equipment before disposal, if this remedy were even available after a warranty period. Similarly, a purchaser does not automatically get to return used equipment for the purchase price.

The fourth category of damages, the $25,115.20 paid to the Debtors is liquidated. Even though this amount would not bring the Debtors over the eligibility limit, the Court will not include the $25,115.20. That is because this claim against the

Debtors is contingent[9] on a future finding by a court that the corporate veil should be pierced.  See <u>Holland v. DePaulis (In re DePaulis)</u>, 2008 WL 4446999 (W.D. N.C. 2008)(Affirming bankruptcy court's ruling that an individual was contingently liable for corporate debt before veil was actually pierced.)

In summary, the Court finds that the entire Rombauer claim is not included in the eligibility total.  Next, the Court turns to the AWS claim.

**AWS'S CLAIM IS UNLIQUIDATED**

AWS's claim consists of a proof of claim and the attached affidavit of Antonio Prospero, a principal in Prospero Equipment Corporation of California, d/b/a AWS.  His affidavit states that Mr. Rottiers was a senior vice president of AWS and attended trade shows to meet buyers.  Because Mr. Prospero lives in New York, Debtor took charge of the California operations.  At a January 2007 trade show a number of sales leads developed.  Mr. Propsero made many inquiries to Debtor after the trade show, but was told nothing was happening with the leads.  Then, in May 2007, Debtor left AWS's employment.  Mr. Prospero and his son found papers and computer records that Debtor had been soliciting AWS's prospects and existing customers to enter contracts with a

---

[9]"A debt is considered non-contingent where all events that cause liability to arise occur pre-petition. It is only where some future event must transpire before liability arises that a debt is contingent."  <u>Adams</u>, 373 B.R. at 119-20 (citation omitted.)

new business that Debtor was forming. Mr. Prospero also asserts that Debtor took assets of AWS and sold them, keeping the money.

Mr. Prospero further states that in his business there is a 40% markup on equipment he sells. Therefore, there would be $400,000 profit on a $1,000,000 sale. He alleges that the information he has shows that AWS lost $1,036,701.76 of profit.

This is a tort claim. It could be based on conversion, interference with contractual relations, interference with prospective contractual relations, even possibly prima facie tort. It is not, however, a liquidated claim for bankruptcy purposes.

## **DECISION**

Debtor did not file a cross-motion for summary judgment on the issue of eligibility under section 109(e). However,

> The weight of authority is that summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under rule 56. And while an appellate court should not grant summary judgment in favor of the nonmoving party where the movant has not had the opportunity to present the applicable facts, if the facts were fully developed at the summary judgment hearing so that the court of appeals can determine that the nonmoving party clearly was entitled to a judgment as a matter of law, an entry of judgment for the nonmoving party may be proper if there is no procedural prejudice to the moving party.

Doña Ana Mutual Water Consumers Ass'n v. City of Las Cruces, New Mexico, 516 F.3d 900, 912 (10th Cir. 2008)(quoting Dickeson v. Quarberg, 844 F.2d 1435, 1444 n. 8 (10th Cir. 1988)).

In this case, the Court finds that there is no genuine issue of material fact that both moving creditors' claims are unliquidated and excludable from the section 109(e) eligibility calculation. The Court finds that both parties asked the Court to dismiss on this ground (AWS's motion and Rombauer's joinder), and that both parties sought summary judgment (Rombauer's motion and AWS's joinder), so they knew or should have known that all evidence to eligibility was ripe for review. The Court will therefore enter summary judgment for Debtors and against Rombauer and AWS on the issue of eligibility. A separate Order will enter.

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: April 12, 2011

Copies to:

Donald Provencio
1721 Carlisle Blvd NE
Albuquerque, NM 87110-5621

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

Paul M Fish
PO Box 2168
Albuquerque, NM 87103-2168

Samuel I Roybal
PO Box 1966
Albuquerque, NM 87103-1966

Stephanie L Schaeffer
Thuma & Walker, P.C.
500 Marquette NW Suite 650
Albuquerque, NM 87102

David T Thuma
500 Marquette Ave NW Ste 650
Albuquerque, NM 87102-5309

Office of the United States Trustee
PO Box 608
Albuquerque, NM 87103-0608